DENNIS, Justice.
Defendant, Paul Knowles, Jr., was convicted by a jury of second degree murder, La.R.S. 14:30.1, and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appealed and urges the failure to suppress his confession as his only assignment of error.
During the investigation of the homicide of defendant’s friend, Frank Emery, to which the defendant had been linked by fingerprint evidence, defendant was questioned at the police station where he was advised of his Miranda rights. Defendant at first refused to answer any questions without the presence of a lawyer, and the investigating officers honored his request. Defendant later, however, blurted out in the presence of investigating Officer Nico- *612 losi, “I killed him, I killed Frank Emery,” after completing a telephone call to his relatives in Florida during which he became emotionally upset and wept. Officer Nico-losi immediately readvised defendant of his rights and asked him if he was willing to answer questions without a lawyer. This time the defendant assented, signed a waiver of rights form and gave a full confession to the murder.
Defendant argues that the blurted out statement that he killed Frank Emery was not a statement which “initiates further communication, exchanges or conversation with the police,” and that therefore statements by the defendant growing out of the interrogation should have been excluded under Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In Edwards the Supreme Court held that an accused, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversation with the police. The court restated the requirement in Wyrick v. Fields, — U.S. -, -, 103 S.Ct. 394, 395, 74 L.Ed.2d 214 (1982) (per curiam), to be that before a suspect may be subjected to further interrogation after he requests an attorney there must be a showing that the “suspect himself initiates dialogue with the authorities.”
In Oregon v. Bradshaw, — U.S. -, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983) the Supreme Court held that by his question “Well, what is going to happen to me now?” an accused “initiated” further conversation with police. The court noted that there are undoubtedly situations where a bare inquiry, such as a request for a drink of water or to use the telephone, is so routine that it cannot fairly be said to represent a desire on the part of an accused to open up a more generalized discussion relating directly to the investigation. But the accused’s question as to what was going to happen to him, although ambiguous, was found by the high court to evince a willingness and a desire for a generalized discussion about the investigation; it was not merely a necessary inquiry arising out of the incidents of the custodial relationship and could reasonably have been interpreted by the officer as relating directly to the investigation.
In the present case, even more so did defendant’s statement that he had killed Frank Emery evince a willingness and a desire for a generalized discussion of the investigation. His statement was a confession to the homicide under investigation and not a necessary inquiry arising out of the incidents of the custodial relationship. The officer present could reasonably have understood that the confession was addressed to him and constituted an obvious desire to discuss the matter fully. Since the defendant’s statement amounted to an initiation of further communication with the police, and because the officer readvised the defendant of his rights and obtained a valid waiver of them before proceeding with further interrogation, there was not a violation óf the Edwards rule.
The defendant also argued that the state did not prove that the waiver of his rights was knowing and intelligent or that his confession was voluntary because he was emotionally upset and because Officer Gallagher, a second officer involved in the investigation, stated to Officer Nicolosi in his presence that another suspect, Wallace Welch, had made statements not in the best interests of the defendant. Both officers testified, however, that although the defendant was upset he composed himself and intelligently responded to questions. Officer Gallagher testified that at some point, he could not recall the exact time, he told Nicolosi that Welch had given a statement. When asked by defense counsel whether he was certain that defendant had not overheard his remarks, Gallagher repeated that he could not recall when he told Nicolosi about Wallace Welch’s statement. Officer Nicolosi testified that during defendant's telephone conversation he walked into another room in which Officer Gallagh *613 er was questioning Welch, momentarily listened to the conversation, and learned that Welch was making statements which he described as “a little derogatory towards the incident, as far as Mr. Knowles was concerned”. Nicolosi was never questioned by defense counsel about any conversation with Officer Gallagher. Moreover, the sequence of events makes it appear unlikely that the defendant could have overheard any information about Welch’s statement before the defendant finished his telephone call and confessed. The trial court judge determined that the defendant’s waiver was valid and that his confession was voluntary. From our review of the record, we conclude that his determination was reasonable, that the confessions were properly introduced, and that there is no basis for reversal of the conviction. For the reasons assigned, the defendant’s conviction and sentence are affirmed.
AFFIRMED.